IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AQUILA KAIULANI OLANOLAN, also known as AQUILA ECOLONO,<br><br>        Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civ. Nos. 19-00222 HG-KJM<br>          19-00223 HG-KJM<br>Crim. Nos. 17-00644 HG-01<br>          18-00050 HG-01 |

**ORDER DENYING PETITIONER AQUILA KAIULANI OLANOLAN'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255 (ECF No. 83) AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Aquila Kaiulani Olanolan filed a document entitled "Standing Due Notice, Its Annex, Praecipe, and Declaration of Due Cause" which the Court liberally construes as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Petitioner argues that she has discovered new evidence. She also argues that the Court lacked jurisdiction to sentence her because the State of Hawaii is outside of federal jurisdiction.

Petitioner's filing is difficult to decipher and contains irrational and unintelligible pleadings. The Court construes Petitioner's motion liberally and concludes that it does not contain any claim upon which relief could be granted.

1

Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 83) is **DENIED**.

Petitioner is not entitled to an evidentiary hearing because her claims do not provide grounds for relief.

Petitioner is not entitled to a Certificate of Appealability.

## PROCEDURAL HISTORY

### I. CHARGING DOCUMENTS

### The Indictment in Cr. No. 17-00644

On January 18, 2018, in Cr. No. 17-00644, the grand jury returned a three-count Superseding Indictment charging Petitioner with crimes related to the possession and distribution of methamphetamine and heroin.

Petitioner was charged as follows:

**Count 1:** On or about October 13, 2016, within the District of Hawaii, Defendant AQUILA ECOLONO did knowingly and intentionally possess with intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.
All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

**Count 2:** On or about September 15, 2017, within the District of Hawaii, Defendant AQUILA ECOLONO did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.
All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

2

> **Count 3:** On or about September 15, 2017, within the
> District of Hawaii, Defendant AQUILA ECOLONO
> did knowingly and intentionally possess with
> intent to distribute one hundred (100) grams
> or more of a substance or mixture containing
> a detectable amount of heroin, a Schedule I
> controlled substance.
> All in violation of Title 21, United States
> Code, Sections 841(a)(1) and 841(b)(1)(B).

(Superseding Indictment, ECF No. 39, Cr. No. 17-00644).

### The Information in Cr. No. 18-00050

On April 6, 2018, a one count Information was filed in Cr. No. 18-00050. Petitioner was charged as follows:

> On or about September 15, 2017, within the
> District of Hawaii, Defendant AQUILA ECONOLO
> did knowingly and intentionally possess with
> intent to distribute fentanyl, a Schedule II
> controlled substance.
> All in violation of Title 21, United States
> Code, Sections 841(a)(1) and 841(b)(1)(C).

(Information, ECF No. 1, Cr. No. 18-00050).

## II. PLEA AGREEMENT

On April 9, 2018, Petitioner pleaded guilty to Counts 2 and 3 of the Superseding Indictment (Cr. No. 17-00644) and the sole count in the Information (Cr. No. 18-00050), before the Magistrate Judge, pursuant to a Memorandum of Plea Agreement. (ECF No. 54, Cr. No. 17-00644; ECF No. 5, Cr. No. 18-00050).

The Plea Agreement contained a waiver of Petitioner's right to appeal and her right to collaterally attack her conviction, subject to certain exceptions. (Mem. of Plea Agreement, at ¶ 13,

ECF No. 56, Cr. No. 17-00644). The Court entered an order in both Cr. No. 17-00644 and Cr. No. 18-00050 accepting Petitioner's guilty plea and adjudged her guilty as to Counts 2 and 3 in the Superseding Indictment and the single Count in the Information. (ECF No. 58, Cr. No. 17-00644; ECF No. 10, Cr. No. 18-00050).

**III. THE PRESENTENCE INVESTIGATION REPORT AND SENTENCING**

The Presentence Investigation Report calculated Petitioner's sentencing guidelines to be a total offense level of 29 with a criminal history category of III for a guideline range of 120 to 135 months imprisonment. (PSR at ¶ 131, ECF No. 68, Cr. No. 17-00644).

On September 10, 2018, the Court sentenced Petitioner in both Cr. No. 17-00644 and Cr. No. 18-00050. (ECF No. 77, Cr. No. 17-00644; ECF No. 26, Cr. No. 18-00050). She was sentenced to 75 months incarceration as to each of the three counts, to be served concurrently, followed by 10 years of supervised release. (Id.)

A Judgment was filed in each case on September 13, 2018. (ECF No. 79, Cr. No. 17-00644; ECF No. 28, Cr. No. 18-00050).

Petitioner did not file a direct appeal.

**IV. PETITIONER'S § 2255 MOTION**

On April 24, 2019, Petitioner filed a document entitled "Standing Due Notice, Its Annex, Praecipe, and Declaration of Due

4

Cause." (ECF No. 83, 17-cr-00644; ECF No. 31, 18-cr-00050; ECF No. 1, 19-cv-00222; ECF No. 1, 19-cv-00223). The Court construes the filing as a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

Petitioner argues that she has discovered new evidence that demonstrates that she agreed to an "unconscionable" plea agreement. Petitioner also argues that the Court lacked jurisdiction because the offenses took place within the State of Hawaii and not a federal territory.

On June 3, 2019, the Government filed its RESPONSE TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255. (ECF No. 86, Cr. No. 17-00644).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence for one of the following reasons:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court was without jurisdiction to impose such a sentence;

(3) the sentence was in excess of the maximum authorized by law;

(4) or the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

A prisoner may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The scope of a collateral attack to a sentence is limited, and does not encompass all claimed errors in conviction and sentencing.

A district court must hold an evidentiary hearing to assess the worthiness of a Section 2255 Motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b).

## **ANALYSIS**

**I.  PETITIONER'S PRO SE FILING**

Petitioner filed a document entitled "Standing Due Notice, Its Annex, Praecipe, and Declaration of Due Cause." (ECF No. 83, 17-cr-00644; ECF No. 31, 18-cr-00050; ECF No. 1, 19-cv-00222; ECF No. 1, 19-cv-00223). The 11-page document is almost entirely indecipherable and unintelligible. Page 3 through 7 is entitled "ORIGINAL DUE DECLARATION OF ISSUE BY ORIGINAL DEPOSITORY" which appears to be unrelated to Petitioner's criminal convictions. (Id. at pp. 3-7). On Page 9, Petitioner's motion requests that the respondents "duly issue a JUDGMENT and ORDER for time served for [Petitioner], with immediate release from BOP custody and incarceration, and termination and closure of the above referenced Case[.]" (Id. at p. 9).

The Court construes Petitioner's motion liberally as a

motion to vacate sentence pursuant to 28 U.S.C. § 2255. Petitioner appears to challenge her sentence based on two grounds.

First, Petitioner states that she has "discovered new evidence" that demonstrate that she was "tricked" into pleading guilty pursuant to an "unconscionable" plea agreement.

Second, Petitioner argues that the Court lacked jurisdiction because the offenses took place within the State of Hawaii and not a federal territory.

## II. PETITIONER'S CLAIMS ARE BARRED PURSUANT TO THE PLEA AGREEMENT

A defendant may waive her right to appeal and to collaterally attack a conviction and sentence. See United States v. Leniear, 574 F.3d 668, 672 & n.3 (9th Cir. 2009). The Ninth Circuit Court of Appeals has held that an appellate waiver provision in a plea agreement is enforceable if: (1) the language of the waiver encompasses the basis of the challenge, and (2) the waiver is knowingly and voluntarily made. United States v. Medina-Carrasco, 815 F.3d 457, 461 (9th Cir. 2015). Where a defendant's challenge raises issues encompassed by a valid, enforceable waiver, the appeal or collateral attack generally must be dismissed. United States v. Harris, 628 F.3d 1203, 1205 (9th Cir. 2011) (citations omitted).

### A. Petitioner's Plea Waiver

Petitioner's Plea Agreement explicitly waived her right to appeal or collaterally attack her sentence, except for limited circumstances:

> 13. The Defendant is aware that she has the right to appeal her conviction and the sentence imposed. Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, her conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determine, on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.
>
>> a. The Defendant also waives her right to challenge her conviction or sentence in the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.
>
>> b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

(Plea Agreement, at ¶ 13, ECF No. 8).

Petitioner's challenge does not implicate these limited circumstances. Petitioner does not assert an ineffective assistance of counsel claim, as reserved in paragraph "a."

Petitioner's sentence was not greater than specified in the

guidelines range, as reserved in paragraph "b." Petitioner's sentence of 75 months incarceration was within the guidelines range of 120 to 135 months determined applicable by the Court. (PSR at ¶ 131, ECF No. 68, Cr. No. 17-00644). The Court departed downward, not upward, with respect to her sentence.

**B. Petitioner's Plea Waiver is Valid and Enforceable**

The Memorandum of Plea Agreement, signed by Petitioner, clearly recites her waiver. Courts have found this waiver to be valid and enforceable. See Fox v. United States, Cr. No. 13-00564 DKW, 2018 WL 650200, *3-*4 (D. Haw. Jan. 21, 2018); United States v. Inoshita, Cr. No. 15-00159 JMS, 2016 WL 2977237, *3-*4 (D. Haw. May, 5, 2016).

Petitioner argues that her plea was not knowing and voluntary because she was "tricked" into signing an "unconscionable" contract. She argues that "Respondents never disclosed what/who the REAL PARTY in INTEREST was, nor did they produce any legal Contract between the two parties herein." (Motion at p. 9, ECF No. 83, Cr. No. 17-00644). Petitioner adds that she "had no clue who was the beneficiary of the Indictment, she could not have waived her right when she had no clue who the parties involved were." (Id.)

The Superseding Indictment in Cr. No. 17-00644 and the Information in Cr. No. 18-00050 stated that the case was brought

9

by the United States of America as Plaintiff against Aquila Ecolono as Defendant.  (Indictment, ECF No. 1, Cr. No. 17-00644; Information, ECF No. 1, Cr. No. 18-00050).

The Plea Agreement states the rights that Petitioner was foregoing in exchange for a benefit from the Government.  The Government agreed not to file a Special Information pursuant to 21 U.S.C. § 851 which would have doubled Petitioner's mandatory minimum sentence.  The Government also agreed to dismiss Count 1 of the Superseding Indictment in Cr. No. 17-00644.  The Plea Agreement was signed by Petitioner.

The Court finds that Petitioner knowingly and voluntarily waived her right to collaterally attack her conviction and sentence.  See Fox, Cr. No. 13-00564 DKW, 2018 WL 650200, *3-*4; Inoshita, Cr. No. 15-00159 JMS, 2016 WL 2977237, *3-*4.

Petitioner cannot directly challenge her conviction and sentence in light of this waiver in the Plea Agreement.

### III. PETITIONER'S CLAIMS ARE BARRED BECAUSE SHE DID NOT FILE A DIRECT APPEAL

When a petitioner has not previously raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising the issue for the first time in a § 2255 petition if it could have been raised earlier, unless the petitioner can show both "cause" and "actual prejudice."  United

States v. Frady, 456 U.S. 152, 167–68 (1982).

Petitioner did not file a direct appeal. Petitioner is barred from bringing the claim by collateral attack unless she can show "cause" and "actual prejudice."

The 2255 Motion contains no factual or comprehendible argument demonstrating "cause" or "actual prejudice." Petitioner has defaulted on her ability to challenge her guilty plea.

**IV. THE COURT HAS JURISDICTION OVER PETITIONER**

Petitioner challenges the jurisdiction of the Court, stating:

> The Indictment, Guilty Plea, Sentence, and Judgment are all outside the law and Constitutionally invalid. They all happened with the Hawaii State, and not within Federal Territory. This makes them all invalid and void, ab initio (from the beginning).

(Motion at p. 10)

18 U.S.C. § 3231 provides that, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Petitioner pled guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C), all federal criminal statutes over which the Court has original jurisdiction. (Indictment, ECF No. 1, Cr. No. 17-00644, Information, ECF No. 1, Cr. No. 18-00050).

11

The Court has jurisdiction over Petitioner.

**V.   PETITIONER IS NOT ENTITLED TO AN EVIDENTIARY HEARING**

A court shall hold an evidentiary hearing on a prisoner's § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  An evidentiary hearing is not required if a prisoner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).  Mere conclusory statements do not warrant an evidentiary hearing.  United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

The Court finds that Petitioner's Motion is suitable for disposition without a hearing.  Petitioner's Motion, the Government's response, and the records of the case conclusively show that Petitioner is not entitled to habeas relief on the grounds alleged.  See 28 U.S.C. § 2255.  The Court will not hold an evidentiary hearing on the Motion.  See Schaflander, 743 F.2d at 717.

**VI.  PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY**

The Antiterrorism and Effective Death Penalty Act ("AEDPA")

12

of 1996 provides that a Certificate of Appealability may be issued in a habeas corpus proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A "substantial" showing requires a prisoner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Petitioner has not made a substantial showing that she was deprived of a constitutional right. Petitioner's arguments are not supported by the record and applicable law. Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

A Certificate of Appealability is **DENIED**.

\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONCLUSION

Petitioner Aquila Kaiulani Olanolan's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 83) is **DENIED**.

A Certificate of Appealability is **DENIED**.

IT IS SO ORDERED.

DATED: July 24, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge